[No. 2210–2.   Division Two.   March 11, 1977.]

THE STATE OF WASHINGTON, *Respondent,* v. MONTE
LUELLEN, *Appellant.*

*Clifford R. Kuhn, Don L. McCulloch,* and *Roethler & McCulloch,* for appellant.

*Henry R. Dunn, Prosecuting Attorney,* and *Kenneth Cowsert, Deputy,* for respondent.

PEARSON, J.—Defendant, Monte Luellen, appeals his conviction for armed robbery. The primary issue on appeal is whether the tip of an informer based upon hearsay provided probable cause to arrest defendant, when accompanied by corroborative evidence gathered independently by the police, demonstrating the reliability of the information. Second, the appeal challenges the trial court's ruling refusing to suppress a videotape of defendant's confession made to the police. For the reasons stated below, we affirm the conviction.

The facts leading to defendant's arrest were triggered on September 28, 1975, when the Longview Police arrested Don Bierman and Larry Stanfill in connection with a recent armed robbery. At the police station Stanfill made statements concerning two prior armed robberies. Without implicating himself, Stanfill named one "Monte" as a coparticipant with Bierman in these past robberies, stating that he learned of this from Bierman. Stanfill was unable to give the last name of "Monte," but did relate that he, "Monte," and Bierman all resided together at "Route 2, Box 151, Deer Island, Oregon." Finally, Stanfill gave a physical description of "Monte" which the officers noticed after inspecting their records was nearly identical with the description given by the victims of the two prior robberies.

The Longview Police contacted the Columbia County Sheriff's Office in St. Helens, Oregon, who confirmed Stanfill's statements regarding the physical description and place of residence of "Monte"; they also provided the Longview Police with the full name of defendant.

With this information, Longview Police officers accompanied Columbia County Deputy Sheriffs to the Oregon address of defendant at approximately 3 a.m. on September 29, 1975. They awoke defendant, placed him under arrest, read him his *Miranda* rights, and took him to the St. Helens jail. There defendant made several inculpatory statements which were recorded on videotape. Defendant bases his motion to suppress these statements on the contention that he had requested an attorney several times during the post–arrest period, but his requests were ignored.

■ We first consider the propriety of the warrantless arrest. The standard for arrest without a warrant is probable cause, defined in terms of facts and circumstances sufficient to warrant a prudent or cautious officer in believing that the suspect had committed or was committing an offense. *Gerstein v. Pugh,* 420 U.S. 103, 43 L. Ed. 2d 54, 95 S. Ct. 854 (1975); *State v. Cottrell,* 86 Wn.2d 130, 542 P.2d 771 (1975); *State v. Todd,* 78 Wn.2d 362, 474 P.2d 542 (1970). Unlike the question of searches and seizures, the arrest is not invalidated solely by the failure of the police to obtain the warrant where there is time to obtain one, so long as probable cause to arrest exists. *United States v. Watson,* 423 U.S. 411, 46 L. Ed. 2d 598, 96 S. Ct. 820 (1976).

■ Where a warrantless arrest, as here, is based upon the tip of an informant, the constitutional criteria for determining probable cause are measured by application to the "two–pronged" *Aguilar–Spinelli* test. *Aguilar v. Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964); *Spinelli v. United States,* 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969). This test requires, under the first prong, that the tip must contain some underlying circumstances which would have allowed the informant to reasonably conclude that a crime was committed by the defendant. Under the second prong, there must be further circumstances from which the law enforcement officers may

reasonably conclude that the informant was reliable. *State v. Chatmon,* 9 Wn. App. 741, 515 P.2d 530 (1973).

We find the first prong of *Aguilar–Spinelli* satisfied. In conveying to the officers his belief that defendant participated in the two prior robberies, Stanfill explained that the source of this information was Bierman, who supposedly also participated in the past robberies. Both men had resided with Stanfill. Thus while he had no firsthand knowledge, Stanfill did articulate a reasonable basis for his belief. We are satisfied that the tip contained sufficient underlying facts from which the informant concluded a crime had been committed by defendant; this was more than a mere unsupported suspicion on his part.[1] *Compare State v. White,* 10 Wn. App. 273, 275 n.1, 277, 518 P.2d 245 (1973).

The second requirement for probable cause, however, is not fulfilled by the tip alone. The officers made no effort to determine whether Stanfill was generally trustworthy, or whether he would produce accurate information. *State v. Pate,* 12 Wn. App. 237, 529 P.2d 875 (1974); *see also State v. Harker,* 5 Wn. App. 381, 486 P.2d 1162 (1971). Moreover, the corroboration of Stanfill's statements regarding defendant's name, description, and residence as obtained from the Columbia County Sheriff's Office will not sustain the State's position. This information was extraneous to Stanfill's contention that defendant committed past crimes; to contribute to probable cause, the confirmations received must be corroborative, not of the collateral descriptive detail, but of the tip itself. *Whiteley v. Warden,* 401 U.S. 560, 28 L. Ed. 2d 306, 91 S. Ct. 1031 (1971); *State v.*

---

[1] We do not wish to imply that "hearsay–on–hearsay" will always be sufficient to bottom a finding of probable cause. *See Draper v. United States,* 358 U.S. 307, 313, 3 L. Ed. 2d 327, 79 S. Ct. 329 (1959). Here, however, there appeared to be a substantial basis for crediting the hearsay. *Cf. State v. Patterson,* 83 Wn.2d 49, 56, 515 P.2d 496 (1973). Not only had Bierman apparently been a direct personal observer–participant in the past robberies, but the unique interrelationship of the three men made Stanfill's information very plausible.

*Lesnick,* 10 Wn. App. 281, 518 P.2d 199 (1973); *State v. Chatmon,* 9 Wn. App. 741, 515 P.2d 530 (1973).

Although the tip alone and as corroborated by the Columbia County Sheriff's Office was insufficient to support a finding of informant reliability, the officers did possess other information which may be used to this end. At some point the officers reviewed the reports of the past robberies which contained descriptions of the suspect by the victims. In hearing Stanfill's statement, the police realized that his description of "Monte" was identical to those contained in these reports. In other words, this gathered information was supportive not simply of extraneous detail, but of the informer's tip that defendant committed the past felonies. *See Draper v. United States, supra; Whiteley v. Warden, supra.* With this supplementary information, the informant could be regarded as reliable and the Longview Police had probable cause to act. *State v. Bantam,* 163 Wash. 598, 600, 1 P.2d 861 (1931); *see also State v. McClung,* 66 Wn.2d 654, 660, 404 P.2d 460 (1965).

In its decision following the CrR 3.5 hearing, the trial court held that defendant did not communicate to any of the arresting officers his desire to speak with an attorney. Defendant contends that he asked at the time of his arrest, and also in the Columbia County station house.

There is ample evidence to support the trial court's formal written findings that defendant's videotaped confession had been voluntarily made. *State v. Bower,* 73 Wn.2d 634, 440 P.2d 167 (1968). The two officers who were involved in this matter, from time of arrest to time of confession, testified that defendant failed to indicate to them his desire to see an attorney. Defendant was advised of his rights three different times—at time of arrest, upon entering the patrol car, and at the Columbia County Courthouse. If, as the trial court found, defendant failed to communicate his wishes to these law enforcement officers, it was not due to want of an opportunity.

Judgment affirmed.

PETRIE, C.J., and REED, J., concur.

Petition for rehearing denied April 13, 1977.

Review denied by Supreme Court September 29, 1977.