[No. 13246–6–I.   Division One.   July 23, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. TONYA RENEE SHELDON, *Appellant.*

*Raymond H. Thoenig* and *John Christensen, Legal Intern,* of *Washington Appellate Defender Association,* for appellant.

*C. Thomas Moser, Prosecuting Attorney,* and *John W. Murphy, Deputy,* for respondent.

CORBETT, A.C.J.—Defendant, Tonya Renee Sheldon,

appeals her judgment and sentence for possession of a controlled substance. We reverse and remand for a new trial.

Defendant was employed as a nurse in a hospital. The supervising nurse and other members of the hospital staff suspected that the defendant was responsible for missing drugs. Acting on their suspicions, they placed "phony" narcotics on a medication cart. They saw the defendant pass the cart several times and once pick up the planted drugs. When the supervising nurse checked the cart, she found that some of the planted drugs were missing. She related the above information to the police and the following day the nurses and an officer again set up the medication cart with planted drugs. The officer kept the cart under surveillance and saw the defendant approach it and look through the drawers several times. Although he did not see the defendant remove any drugs, numerous drugs were missing immediately after she was seen at the cart. The officer related the suspicions and observations of the staff and his own observations in the affidavit for a search warrant. When the warrant was executed, some of the missing drugs were found in the defendant's purse.

Defendant assigns error to the denial of her motion to suppress the evidence seized. She contends that the affidavit did not adequately establish the reliability of the information supplied by the hospital staff, and that the totality of the circumstances related by the officer was insufficient to support an inference that she had engaged in criminal activity.

██ Citizen informants generally are presumed to be reliable. *State v. Wakeley,* 29 Wn. App. 238, 241, 628 P.2d 835 (1981). Here, they were named, their place of employment was known, and they related their personal observations to the officer who signed the affidavit. The basis of their knowledge was also fully set out in the affidavit, which described in detail the setup and their observations. The affidavit also described the second setup in detail, including the steps taken by the officer and his observations. Considering the totality of the circumstances, the warrant was

properly issued. *State v. Adame,* 37 Wn. App. 94, 97–99, 678 P.2d 1299 (1984). The trial court did not err by denying the motion to suppress.

The information charged the defendant with "willfully, unlawfully and feloniously" possessing a controlled substance. Instruction 11 required the jury to find that the defendant "unlawfully possessed" a controlled substance in order to convict. Defendant assigns error to this instruction on the ground that it omitted the willful and felonious elements of the crime charged and relieved the State of its burden of proving every element beyond a reasonable doubt.

Although included in the information, willful and felonious possession are not elements of the crime charged. RCW 69.50.401(d). Defendant does not contend that she was misled by the surplus language in the information, nor does she assert any prejudice suffered thereby. She argues that the State must prove the elements of the crime set out in the information, even though they are not statutory elements of the offense.

■ The State could have moved to amend the information to omit the unnecessary language, CrR 2.1(d), or the defendant could have moved to strike it as surplusage. CrR 2.1(c). The jury was not aware of what was stated in the information, and the instructions correctly stated the statutory elements. The specific instruction to which the defendant assigns error is one which she requested. Her challenge to the instruction therefore fails. *State v. Boyer,* 91 Wn.2d 342, 345, 588 P.2d 1151 (1979).

Defendant also assigns error to instruction 7:

A person knows or acts knowingly or with knowledge when:

(1) he or she is aware of a fact, facts or circumstances or result described by law as being a crime; or

(2) *he or she had information which would lead a reasonable person in the same situation to believe that facts exist which facts are described by law as being a crime.*

Knowledge means actual knowledge. You are permit-

ted, but not required, to find knowledge if you find that the defendant has information which would lead a reasonable person in the same situation to believe that that [sic] facts exist which facts are described by the law as being a crime.

(Italics ours.)

■ The italicized portion of instruction 7 permits the jury to apply an objective standard to determine knowledge. This portion of the instruction was condemned in *State v. Shipp,* 93 Wn.2d 510, 516, 610 P.2d 1322 (1980). Defendant denied knowledge of the drugs found in her possession. The jury could have concluded that a reasonable person would have known the drugs were in her purse. The other instructions given concerning knowledge confused rather than clarified the erroneous instruction. Inclusion of the ambiguous definition of knowledge in the jury instructions was prejudicial error.

Reversed and remanded for new trial.

ANDERSEN and RINGOLD, JJ., concur.