[No. 6763-3-II. Division Two. May 2, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. DONALD
LEE WHITE, *Appellant.*

*David V. Johnson,* for appellant (appointed counsel for appeal).

*David Bruneau, Prosecuting Attorney,* and *Steven L. Olsen, Deputy,* for respondent.

PETRICH, J.—Donald L. White appeals his conviction of first degree robbery and first degree assault, committed while armed with a deadly weapon. He alleges that the police did not have probable cause to arrest him and that the court erred by refusing to suppress evidence seized without a warrant from the automobile he and his accomplice used to flee the robbery scene. We affirm.

On July 21, 1980, at approximately 9:40 p.m., Port Angeles police received a telephone report that Olson's Grocery Store had been robbed and that a shot had been fired by one of the robbers. The female caller told the dispatcher that, although the two robbers had concealed their features, she observed that one of the robbers was tall and thin, while the other was shorter.

She also described the vehicle in which the robbers fled, including its license number. The dispatcher spoke with the woman until she confirmed that police had arrived at the store, a few minutes after the dispatcher first received the call. Police interviewed witnesses, including a Mrs. Birkes. She had observed the robbers before and after the robbery, and had written down their automobile's license number. Witnesses told police the robbers fled the store with the stolen money in a white plastic bag. One of the customers identified the robbers' weapon as a .25 caliber Baretta pistol.

While police were interviewing witnesses at the store, other police officers were searching for the robbers' vehicle. The police dispatcher had broadcast the name and address

of the vehicle's registered owner, Ruth Stovall. Police found no one home at the Stovall residence, but were informed by neighbors that Stovall's vehicle had left approximately 1 hour earlier. Shortly thereafter, police spotted the car as it approached the residence through an alley. They stopped the vehicle and removed Stovall, the driver, and White, the passenger.

After Stovall and White were arrested, handcuffed, and transported to the police station in separate police vehicles, police decided to impound Stovall's vehicle. While waiting for the tow truck to arrive, Detective Turton and another officer looked through the car's window and, with the aid of a flashlight, spotted a pistol. Detective Turton opened the vehicle's door and seized the gun, but did not remove any other items and did not search the vehicle. After the car was impounded, police searched the vehicle pursuant to a search warrant. They seized a white plastic bag containing money stolen during the robbery, and clothing that was identified as having been worn by the robbers.

At White's trial, a ballistics expert identified the pistol seized from Stovall's car as the robbery weapon. Defendant admitted he owned the gun. The trial court refused to suppress any of the evidence seized from Stovall's car. White assigns error to this ruling on two grounds: (1) that the police did not have probable cause to arrest White; and (2) that the warrantless seizure of the gun was forbidden by the federal and state constitutions.

■ The State does not dispute that police arrested defendant immediately upon stopping Stovall's car. An arrest, with or without a warrant, must be supported by probable cause. *State v. Smith,* 102 Wn.2d 449, 453, 688 P.2d 146 (1984). Probable cause to arrest exists when facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information are sufficient to warrant a man of reasonable caution in believing that the individual committed a crime. *See State v. Green,* 91 Wn.2d 431, 436, 94 Wn.2d 216, 588 P.2d 1370, 616 P.2d 628 (1980); *State v. Fricks,* 91 Wn.2d 391, 588

P.2d 1328 (1979). White argues there was not probable cause to arrest him because no single officer had sufficient information to support a reasonable belief that White and Stovall committed the robbery. However, "in those circumstances where police officers are acting together as a unit, cumulative knowledge of all the officers involved in the arrest may be considered in deciding whether there was probable cause to apprehend a particular suspect." *State v. Maesse,* 29 Wn. App. 642, 647, 629 P.2d 1349, *review denied,* 96 Wn.2d 1009 (1981). *See also* 1 W. LaFave, *Search and Seizure* § 3.5(b) (1978).

Under Const. art. 1, § 7, an informant's tip provides "probable cause" to effect an arrest only if it passes the 2–pronged *Aguilar–Spinelli* test. *State v. Jackson,* 102 Wn.2d 432, 688 P.2d 136 (1984). That test requires information that establishes (1) the basis for the informant's conclusion; and (2) the basis for the officer's conclusion that the informant is credible or that his information is reliable. *State v. Smith,* 102 Wn.2d at 455.

In the present case, the police interviewed several eyewitnesses, establishing the basis of their knowledge and conclusions. We have held that veracity is established when, as here, police receive detailed information from a fully identified citizen informant. *State v. Northness,* 20 Wn. App. 551, 555–58, 582 P.2d 546 (1978). *See also State v. Sheldon,* 38 Wn. App. 195, 196, 684 P.2d 1350 (1984). The veracity of the informants was further established by the immediate police investigation providing corroborative information. *See State v. Luellen,* 17 Wn. App. 91, 94–95, 562 P.2d 253, *review denied,* 89 Wn.2d 1001 (1977); *State v. Harker,* 5 Wn. App. 381, 383–84, 486 P.2d 1162 (1971). The officers had evidence sufficient to establish probable cause to effect the arrest: the witnesses' detailed description of the robbers' getaway car, identifying it as Stovall's; the neighbor's report that the described vehicle had left Stovall's residence within the hour before the robbery; the officers' observation that Stovall's car was returning to her residence shortly after the robbery; their observation that

494

the car was occupied by two persons, one appearing to be tall and one appearing to be short, and their knowledge that witnesses said two persons, one tall and one short, had robbed the store. *See Chambers v. Maroney*, 399 U.S. 42, 46–47, 26 L. Ed. 2d 419, 90 S. Ct. 1975 (1970); *State v. Scott*, 93 Wn.2d 7, 10–11, 604 P.2d 943, *cert. denied*, 446 U.S. 920, 64 L. Ed. 2d 275, 100 S. Ct. 1857 (1980); *State v. Parker*, 79 Wn.2d 326, 328–29, 485 P.2d 60 (1971); *State v. Kohler*, 70 Wn.2d 599, 605, 424 P.2d 656 (1967), *cert. denied*, 389 U.S. 1038, 19 L. Ed. 2d 826, 88 S. Ct. 773 (1968).

White argues that the warrantless seizure of the pistol from Stovall's car, in which he was a passenger when arrested, violated his rights under Const. art. 1, § 7 and the fourth amendment to the United States Constitution. These are personal rights, which "may be enforced by exclusion of evidence only at the instance of one whose own protection was infringed by the search and seizure". *Rakas v. Illinois*, 439 U.S. 128, 138, 58 L. Ed. 2d 387, 99 S. Ct. 421 (1978). *See United States v. Salvucci*, 448 U.S. 83, 65 L. Ed. 2d 619, 100 S. Ct. 2547 (1980); *State v. Simpson*, 95 Wn.2d 170, 174–82, 622 P.2d 1199 (1980); *State v. Hayden*, 28 Wn. App. 935, 938–39, 627 P.2d 973, *review denied*, 95 Wn.2d 1028 (1981). Under certain circumstances the right to contest the legality of a search and seizure may vary depending on whether the right is measured under the fourth amendment to the United States Constitution or article 1, section 7 of our state constitution.

The defendant's ability to raise a claim of violation of rights under the Fourth Amendment is no longer considered in terms of standing but rather in terms of defendant's "legitimate expectation of privacy" in the area searched or the property seized. *United States v. Salvucci*, 448 U.S. at 91–92; *Rakas v. Illinois*, 439 U.S. at 140, 143. As a passenger in Stovall's car, White did not have a legitimate expectation of privacy in the unoccupied rear passenger compartment that was violated when police seized the pistol that was in open view. *See Rakas v. Illinois, supra;*

*United States v. Strmel,* 744 F.2d 1086, 1088 (5th Cir. 1984); *United States v. Manbeck,* 744 F.2d 360, 373–75 (4th Cir. 1984); *Government of V.I. v. Williams,* 739 F.2d 936, 938–39 (3d Cir. 1984); *People v. Naranjo,* 686 P.2d 1343, 1345–46 (Colo. 1984); *McGhee v. State,* 253 Ga. 278, 319 S.E.2d 836, 839 (1984). Nor did White's mere ownership of the seized gun provide the requisite personal privacy interest. *United States v. Salvucci, supra; State v. Simpson,* 95 Wn.2d at 179–81.

■ Under the state constitution, standing still retains some validity. A defendant has "automatic standing" to challenge a search or seizure under article 1, section 7 if the offense of which he is charged involves possession as an essential element of the offense *and* the defendant was then in possession of the seized property at the time of the contested search. *State v. Simpson, supra.* Whether the offenses in the case before us, which involve the use or display of a firearm, include possession as one of their essential elements, as understood in *State v. Simpson, supra,* may be subject to some argument. We need not decide that issue because we are satisfied that the firearm located in the back passenger compartment of an automobile White did not own, in which he was only a passenger when arrested, and which had been impounded by the police, was not in his possession at the time of the seizure.

We conclude that White may not assert the protections of Const. art. 1, § 7 or the Fourth Amendment as grounds for suppressing the gun or any of the other evidence seized from Stovall's car.[1]

---

[1]Although this issue was not raised in the trial court, we may affirm the trial court's judgment if it is correct upon any ground. *See Ertman v. Olympia,* 95 Wn.2d 105, 108, 621 P.2d 724 (1980); *Gross v. Lynnwood,* 90 Wn.2d 395, 401, 583 P.2d 1197, 96 A.L.R.3d 187 (1978); *State v. Davis,* 29 Wn. App. 691, 697 n.2, 630 P.2d 938, 17 A.L.R.4th 53, *review denied,* 96 Wn.2d 1013 (1981); *State v. Ellis,* 21 Wn. App. 123, 124, 584 P.2d 428 (1978). At the suppression hearing it was established that White was a passenger in Stovall's vehicle at the time of his arrest. He also admitted this on appeal.

496

Affirmed.

WORSWICK, C.J., and ALEXANDER, J., concur.

Review denied by Supreme Court July 26, 1985.