[No. 13023-8-II.   Division Two.   July 10, 1991.]

THE STATE OF WASHINGTON, *Respondent*, v. DARCY L. ZAKEL, *Appellant*.

*Thomas A. Copland* and *Copland & Micheau,* for appellant (appointed counsel for appeal).

*H. Stewart Menefee, Prosecuting Attorney,* and *Gerald R. Fuller, Deputy,* for respondent.

PETRICH, J.—Darcy Zakel appeals his convictions, after trial by jury, of three counts of taking and/or riding in a

motor vehicle without the owner's permission in violation of RCW 9A.56.070, and one count of possession of stolen property, namely another motor vehicle and its contents, in violation of RCW 9A.56.150.

Zakel contends that the trial court erroneously refused to suppress evidence seized, based on the ruling that he had no expectation of privacy in the items seized and lacked standing to contest the search;[1] that the first two counts of taking a motor vehicle without the owner's permission should have been severed from the remaining counts; and that the evidence was insufficient to support these two counts of taking a motor vehicle without the owner's permission.

We conclude that Zakel lacked standing to challenge the search, and that he had no legitimate expectation of privacy in the area searched or property seized; that denial of severance was proper; and that the evidence was sufficient to support the convictions. Accordingly, we affirm.

On the evening of April 12, 1989, Aberdeen Police Officer Sidor observed a Mazda RX7 parked in a loading zone in a commercial alley in Aberdeen. A computer check revealed that the car's plates had been reported stolen. Sidor looked into the car attempting to locate the vehicle identification number (VIN) of the car to confirm whether the plates matched the vehicle. The VIN was not visible on the dash, so he tried to open the door to view the door post. The handle did not operate due to damage to the car, but he was able to open the door by reaching through the open window. The VIN was not on the door post. Sidor released the hood and located the VIN number in the engine compartment. A registration check revealed that the VIN did not correspond to the plates, and that the car was stolen. The police "staked out" the car to see if someone would return to it. Darcy Zakel was placed under arrest after he

---

[1] Zakel makes several challenges to the suppression court's findings. These alleged errors are of no consequence, however, since one omitted finding was not critical and the other challenged findings were superfluous.

approached the car, opened the door, and sat down in the driver's seat.

Count 4 of the indictment charged first degree possession of stolen property (the Mazda and its contents). Wallets, keys, and other items of personal property seized from the car linked Zakel to three other recent car thefts, and formed the basis for counts 1, 2, and 3 (taking and/or riding in a motor vehicle without the owner's permission).

### DENIAL OF THE MOTION TO SUPPRESS

The trial court denied Zakel's motion to suppress the VIN number and other evidence subsequently seized on grounds that he lacked standing. Zakel contends that he had automatic standing to challenge the search, relying on *State v. Simpson,* 95 Wn.2d 170, 622 P.2d 1199 (1980).[2]

A plurality of the court in *Simpson* opined that under Washington Const. art. 1, § 7, a defendant has automatic standing to challenge a search or seizure if the charged offense involves possession as an essential element of the crime, and he was in possession of the stolen property at the time of the search. *Simpson,* 95 Wn.2d at 181. The plurality relied on this doctrine to affirm the trial court's ruling that the defendant had standing to challenge the search of a stolen truck.

Automatic standing, however, was not the basis for the court's ruling because although five justices agreed that the trial court had properly suppressed the evidence, one member of that majority saw no need to interpret the state constitution and affirmed the trial court based on Fourth Amendment doctrine. *See Simpson,* 95 Wn.2d at 192 (Utter, C.J., concurring). Where there is no majority agreement as to the rationale for a decision, the holding of the court is the position taken by those concurring on the narrowest grounds. *Marks v. United States,* 430 U.S. 188, 193, 51 L. Ed. 2d 260, 97 S. Ct. 990 (1977); *Zueger v. Public*

---

[2]The automatic standing rule as a matter of federal constitutional law was abolished by the United States Supreme Court in *United States v. Salvucci,* 448 U.S. 83, 65 L. Ed. 2d 619, 100 S. Ct. 2547 (1980).

*Hosp. Dist. 2,* 57 Wn. App. 584, 590, 789 P.2d 326 (1990). Therefore, the *Simpson* plurality opinion does not represent binding precedent, and we decline to follow it. *See Green v. Seattle,* 146 Wash. 27, 30–31, 261 P. 643 (1927) (departmental opinion signed by three members of the court, and affirmed en banc as to result only, had "never become the law").

■ Neither are we compelled to apply the doctrine based on our opinion in *State v. White,* 40 Wn. App. 490, 699 P.2d 239, *review denied,* 104 Wn.2d 1004 (1985). Although we stated the principle announced by the plurality in *Simpson,* we did not apply it, since possession was not an element of White's crime nor was White in possession of the seized article. *See White,* 40 Wn. App. at 495.

■ Moreover, the rule was not intended as a means for defendants to acquire standing to challenge the search of an area where they had no legitimate right to be. In *Jones v. United States,* 362 U.S. 257, 4 L. Ed. 2d 697, 80 S. Ct. 725, 78 A.L.R.2d 233 (1960), the case that established the rule under federal law, the United States Supreme Court specified that a defendant may not claim automatic standing absent "sufficient interest in the premises to establish him as a 'person aggrieved' by their search." *Jones,* 362 U.S. at 265 (defendant was victim of search while in another's apartment with the owner's permission). Although the Court refused to draw lines based on the subtle distinctions between "licensees", "invitees", etc., that are found in property law, it held that

> anyone *legitimately on premises where a search occurs* may challenge its legality by way of a motion to suppress, when its fruits are proposed to be used against him. *This would of course not avail those who, by virtue of their wrongful presence, cannot invoke the privacy of the premises searched.*

(Italics ours.) *Jones,* 362 U.S. at 267.

The Washington Supreme Court first applied the rule in *State v. Michaels,* 60 Wn.2d 638, 374 P.2d 989 (1962). In *Michaels,* police searched the car that the defendant was

driving, which belonged to defendant's wife. With reference to *Jones,* the *Michaels* court stated that

> [t]he reasoning of that opinion commends itself to this court. As the court stated therein, the rule according standing to any one rightfully on the premises would be of no avail to those who, by virtue of their wrongful presence, cannot invoke the privacy of the premises searched. Here, the search was not made of premises but of an object—the automobile. That the defendant was operating that automobile with the permission of the owner is not denied . . ..

*Michaels,* 60 Wn.2d at 646–47. The court in *Michaels* held that both the state and federal constitutions protect those with legal title, as well as those who are lessees, vendees, and possessors of other equitable interests. It did not hold that the automatic standing rule applies where the victim of a search had no legal right to be in the area searched. *See State v. Bresolin,* 13 Wn. App. 386, 398, 534 P.2d 1394 (1975), *review denied,* 86 Wn.2d 1011 (1976), and cases cited therein. Zakel, by virtue of his wrongful presence in the stolen car, had no legitimate expectation of privacy in the area searched and property seized and is without standing to contest the search.

### DENIAL OF MOTION TO SEVER

Zakel next contends that the court erred in failing to sever counts 1 and 2. CrR 4.4(b) allows the trial court to grant severance of offenses where such severance "will promote a fair determination of the defendant's guilt or innocence of each offense." *State v. Watkins,* 53 Wn. App. 264, 268, 766 P.2d 484 (1989). In ruling on a severance motion, the court should consider whether prejudice will result from a failure to sever, as may occur where defendant is "embarrassed in the presentation of separate defenses, or if use of a single trial invites the jury to cumulate evidence to find guilt or infer a criminal disposition." *Watkins,* 53 Wn. App. at 268. Additional factors include the strength of the State's case on each count, and admissibility of the evidence of the other crimes. *Watkins,* 53 Wn. App. at 269. The refusal to sever is reviewed for manifest abuse of discretion, and defendant has the burden of proof. *Watkins,*

53 Wn. App. at 269. To show abuse of discretion, defendant must point to specific prejudice. *State v. Bythrow,* 114 Wn.2d 713, 720, 790 P.2d 154 (1990).

Zakel does not contend that he had separate defenses to the counts; nor does he argue persuasively that the court erred in concluding that the evidence of each is admissible to prove the other counts. He has not shown a manifest abuse of discretion, and we affirm the trial court's denial of the motion to sever.

### SUFFICIENCY OF THE EVIDENCE OF COUNTS 1 AND 2[3]

Zakel also challenges the sufficiency of the evidence in support of these two counts of taking and/or riding in a motor vehicle without the owner's permission. We find the evidence sufficient to convict on all counts.

The standard of review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the charged crimes beyond a reasonable doubt. *State v. Rempel,* 114 Wn.2d 77, 82, 785 P.2d 1134 (1990). The charge of taking and/or riding requires the State to prove either an unlawful taking, *or* riding in the vehicle with knowledge that it was unlawfully taken. *State v. Ford,* 33 Wn. App. 788, 790, 658 P.2d 36 (1983). "Knowledge may not be presumed because a reasonable person would have knowledge under similar circumstances, but such knowledge may be inferred." *Ford,* 33 Wn. App. at 790 (court inferred knowledge that car had been unlawfully taken

---

[3]Zakel also assigns error to the court's denial of his pretrial motion to dismiss these counts for lack of evidence. *See State v. Knapstad,* 107 Wn.2d 346, 729 P.2d 48 (1986) (court may grant pretrial motion to dismiss where State's pleadings are insufficient to raise a jury issue on all elements of the charge, and there are no disputed material facts). We decline to review the pretrial ruling, since Zakel failed to seek review at the time the motion was denied. Much like denial of a motion for summary judgment, the failure to seek review of the denial of a pretrial motion to dismiss causes the matter to merge into the trial. *See Johnson v. Rothstein,* 52 Wn. App. 303, 307, 759 P.2d 471 (1988) (court refused review of summary judgment ruling that was followed by a trial on the merits).

based on defendant's admission that he did not know who owned the car).

Evidence seized from the Mazda included keys that started each of the stolen vehicles, as well as items of personal property belonging to each victim. Zakel's fingerprint was found on the door handle of one of the stolen cars, and a key fitting the gas cap of this vehicle was also seized. Each car had been stolen, without hot wiring or forced entry, from a location near Sam Benn Park in Aberdeen. The thefts occurred within the same time frame, and each stolen car was abandoned in close proximity to the spot where the next was taken. We find the evidence sufficient to support the convictions.

Affirmed.

WORSWICK, C.J., and MORGAN, J., concur.