## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51195-9-II |
| Respondent, | |
| v. | |
| JACOB TREASURE, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, P.J. — Jacob Treasure appeals his unlawful possession of a controlled substance conviction based on alleged instructional error. We affirm.

### FACTS

Vancouver Police Officer Gunnar Skollingsberg stopped Treasure's vehicle after receiving reports that Treasure drove recklessly. As Skollingsberg approached the vehicle, he noticed a clear plastic baggie of heroin on the passenger's side floorboard. Treasure told the officer that he was surprised to see the heroin on the floorboard and that he did not know it was there.

The State charged Treasure with unlawful possession of a controlled substance, heroin. He alleged unwitting possession as a defense because he did not know that the bag of heroin was in his vehicle.

In this regard, the court instructed the jury that,

> A person is not guilty of possession of a controlled substance if the possession is unwitting. Possession of a controlled substance is unwitting if a person did not know that the substance was in his possession.

The burden is on the defendant to prove by a preponderance of the evidence that the substance was possessed unwittingly. Preponderance of the evidence means that you must be persuaded, considering all of the evidence in the case, that it is more probably true than not true.

Clerk's Papers (CP) at 47 (Instr. 11a).

The State proposed standard WPIC 10.02.[1] Treasure objected to the knowledge instruction in general.[2] The trial court overruled the objection and instructed the jury as follows:

A person knows or acts knowingly or with knowledge with respect to a fact, circumstance, or result when he or she is aware of that fact, circumstance, or result. It is not necessary that the person know that the fact, circumstance, or result is defined by law as being unlawful or an element of a crime.

If a person has information that would lead a reasonable person in the same situation to believe that a fact exists, the jury is permitted but not required to find that he or she acted with knowledge of that fact.

When acting knowingly as to a particular fact is required to establish an element of a crime, the element is also established if a person acts intentionally as to that fact.

CP at 48 (Instr. 11b). The jury found Treasure guilty. He appeals.

ANALYSIS

Treasure contends that the trial court erroneously instructed the jury regarding knowledge as it related to his unwitting possession defense. Treasure alleges that the knowledge instruction required the jury to convict him based on an objective reasonable person standard rather than a subjective actual knowledge standard. We disagree.

---

[1] 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 10.02, at 222 (4th ed. 2006) (WPIC).

[2] Treasure did not object to the jury instruction at trial on the same basis that he does on appeal. Generally, a party who fails to object to jury instructions in the trial court waives a claim of error on appeal. *State v. Smith*, 174 Wn. App. 359, 364, 298 P.3d 785 (2013); RAP 2.5(a). However, since neither party addresses this issue and since Treasure partially objected to the instruction below, we exercise our discretion and reach this issue.

We review alleged errors of law in jury instructions de novo. *State v. Fehr*, 185 Wn. App. 505, 514, 341 P.3d 363 (2015).

While knowledge is not an essential element of unlawful possession of a controlled substance, an unwitting possession defense requires a defendant to prove he or she had no knowledge of his or her possession. *State v. Bradshaw,* 152 Wn.2d 528, 538, 98 P.3d 1190 (2004). An instruction which tells the jury that it must find the defendant had knowledge if it finds that he has "information which would lead a reasonable person in the same situation to believe that [the relevant] facts exist" is unconstitutional. *State v. Sheldon*, 38 Wn. App. 195, 198, 684 P.2d 1350 (1984). Relying on *Sheldon*, Treasure argues the trial court wrongly instructed the jury regarding the "reasonable person in the same situation" standard. 38 Wn. App. at 198.

In *Sheldon*, the trial court instructed the jury that "[a] person knows or acts knowingly or with knowledge when . . . he or she had information which would lead a reasonable person in the same situation to believe that facts exist which facts are described by law as being a crime." 38 Wn. App. at 197 (emphasis omitted). The court held that this instruction permitted "the jury to apply an objective standard to determine knowledge [and] . . . the instruction was condemned in *State v. Shipp*, 93 Wn.2d 510, 516, 610 P.2d 1322 (1980)." *Sheldon¸* 38 Wn. App. at 198.

In *Shipp*, 93 Wn.2d at 517, the court explained, "The comparison to the ordinary person has been imported into many legal definitions of knowledge to make it clear to the jury what level of circumstantial evidence is sufficient for it to conclude that the defendant had actual knowledge." But the comparison creates only an inference. The jury must still find subjective knowledge. *Shipp*, 93 Wn.2d at 517. In *Shipp*, the court found unconstitutional two jury instructions that created a mandatory presumption. WPIC 10.02 was revised in 1986 to reflect the *Shipp* court's holding. WPIC 10.02, cmt. at 223.

3

Here, the trial court instructed the jury that "[i]f a person has information that would lead a reasonable person in the same situation to believe that a fact exists, the jury is permitted but not required to find that he or she acted with knowledge of that fact." CP at 48. The trial court's instruction followed the revised WPIC 10.02. The revised WPIC 10.02 was approved in *State v. Leech*, 114 Wn.2d 700, 710, 790 P.2d 160 (1990), because it allowed the jury to consider the defendant's subjective intelligence or mental condition and there was no mandatory presumption. The trial court's instruction here does not create a mandatory presumption; rather, it creates a permissible inference which, according to *Shipp* and *Leech* is constitutional. Accordingly, there was no instructional error to warrant reversal of Treasure's conviction.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, P.J.

We concur:

_____
Sutton, J.

_____
Glasgow, J.